IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WENDELL R. MITCHELL, #1368068 | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv287 |
| AMAHDRICK D. CHRISTOPHER, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF PARTIAL DISMISSAL

Plaintiff Wendell R. Mitchell, a prisoner confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on June 1, 2010. On October 26, 2010, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Administrator Ginger Lively, Warden Dewayne Dewberry and Nurse Carrie Hucklebridge testified under oath about prison policies and information contained in the Plaintiff's prison records.

1

The Plaintiff testified that he was the victim of excessive use of force at the Coffield Unit on June 12, 2008. The incident occurred after he was handcuffed and removed from his cell. Sgt. Christopher escorted the Plaintiff off of his housing wing, and they eventually reached the infirmary. Along the way, Sgt. Christopher allegedly used profanity and threatened the Plaintiff. When Sgt. Christopher threatened to slam the Plaintiff on the ground, the Plaintiff replied that he would sue him if he slammed him on the ground. The Plaintiff testified that Sgt. Christopher responded by lifting him off of the floor and slamming him on the ground on his left side. His left shoulder and knee were injured. Sgt. Christopher was then relieved by other officers and left the area.

Nurse Hucklebridge testified from the Plaintiff's medical records. A use of force examination was performed. The Plaintiff complained about a sore shoulder. X-rays were negative. The Plaintiff had pre-existing problems with his left knee as a result of being hit by a truck. The use of force incident aggravated his knee problems.

The Plaintiff testified that he sued Captain Taliaferro and Lt. Korn because they failed to intervene in the matter. They were located at the searcher's desk while the Plaintiff and Sgt. Christopher walked by. The Plaintiff testified that they observed Sgt. Christopher's behavior and knew about his prior infractions, but they failed to intervene or take any steps to stop Sgt. Christopher.

The Plaintiff sued Warden Steven Swift, Warden Raymond Thompson and Major Kenneth Thompson because they were supervisors and responsible for the conduct of their subordinates. The Plaintiff added that Warden Swift answered his grievances and was aware of Sgt. Christopher's conduct, but he did nothing.

The Plaintiff's primary claim is that he was subjected to excessive use of force. The Supreme Court has emphasized that the core judicial inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An excessive use of force claim has both subjective and objective components. *Id.* at 8. In other words, there is the issue of whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* A claimant must allege and prove there was an "unnecessary and wanton infliction of pain." *Id.* at 5. In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. (internal quotation and citation omitted). The absence of a serious injury is relevant to but not dispositive of the excessive force claim. *Id.*

In the present case, the Plaintiff has alleged facts that give rise to a possible meritorious excessive use of force claim against Sgt. Christopher. He should be allowed to proceed with the excessive use of force claim against Sgt. Christopher, along with supplemental state claims.

The remaining defendants are supervisory officials: Captain Taliaferro, Lt. Korn, Warden Swift, Warden Thompson and Major Thompson. They did not use any force against the Plaintiff. "In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). None of these individuals participated in the alleged act of misconduct. They were sued because of their supervisory roles, but the doctrine of *respondeat*

*superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Neither condition is satisfied.

The Supreme Court recently held that the term supervisory liability in the context of a § 1983 lawsuit is a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Supreme Court rejected an argument that government officials may be held liable because they merely had knowledge or acquiesced in their subordinate's misconduct. *Id.* As a result of *Iqbal*, courts have questioned whether supervisory liability remains an option at all in § 1983 cases. *See Dodds v. Richardson*, 614 F.3d 1185, 1194-95 (10th Cir. 2010); *Parrish v. Ball*, 594 F.3d 993, 1001 n.1 (8th Cir. 2010). The Fifth Circuit has not addressed the issue. Nonetheless, it is clear that these five supervisors may be held liable only for their own misconduct. The Plaintiff has not alleged facts showing that any of them participated in the use of force incident or were present during the incident. He likewise failed to show a causal connection between their actions and Sgt. Christopher's alleged misconduct. He has not shown that they should remain a part of this lawsuit. The claims against Warden Swift, Lt. Korn, Capatin Taliaferro, Major Thompson and Warden Thompson fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. Such claims should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is therefore

**ORDERED** that the Plaintiff may proceed with his excessive use of force claim and supplemental state claims against Sgt. Amahdrick D. Christopher. It is further

**ORDERED** that the Plaintiff's remaining claims are **DISMISSED** with prejudice pursuan to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **5** day of **November, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE