IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WENDELL R. MITCHELL, #1368068 | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv287 |
| AMAHDRICK D. CHRISTOPHER, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Wendell R. Mitchell, a prisoner confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The present Memorandum Opinion concerns Defendant Christopher's motion to dismiss the complaint as time-barred (docket entry #27). He correctly noted that the Plaintiff alleged in his complaint that the incident occurred on May 12, 2008. The complaint was not filed until more than two years later on June 1, 2010. He argued that the complaint should be dismissed by the two year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003(a).

There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period, but federal law determines the date the accrual commences. *Owens v. Okure*, 488 U.S. 235 (1989). The Defendant correctly noted that the statute of limitations in Texas for § 1983 actions is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993).

1

The issue of when the incident occurred was clarified during the evidentiary hearing, conducted in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The Plaintiff testified under oath that the use of force incident occurred on June 12, 2008, thus the complaint was filed within two years of the incident.

It should also be kept in mind that a complaint is considered filed when it was given to prison officials for mailing under the "mailbox rule." *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The complaint was signed on May 24, 2010. The cover letter was likewise dated May 24, 2010. Assuming *arguendo* that the complaint was delivered to prison officials for mailing on that date, the complaint was timely filed since it was filed within two years of June 12, 2008.

Finally, the limitations deadline should be equitably tolled during the pendency of state administrative proceedings. *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002). *See also Gartrell v. Gaylor*, 981 F.2d 254, 257-58 (5th Cir. 1993). The grievance records attached to the complaint reveal that the Step 1 grievance was filed on June 17, 2008. It was returned to the Plaintiff on August 8, 2008. The Step 2 grievance was filed on August 14, 2008. It was decided on August 29, 2008. The deadline was thus equitably tolled by 69 days. Consequently, a consideration of this time period further leads to the conclusion that the complaint was timely filed. It is therefore

**ORDERED** that the Defendant's 12(b)(1) motion to dismiss the complaint as time-barred (docket entry #27) is **DENIED**. The answer is due no later than December 1, 2010.

So **ORDERED** and **SIGNED** this **22** day of **November, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE